UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

      -against-

DANIEL MONGELLI,

               Defendant.

MEMORANDUM & ORDER

02-CR-307 (NGG)

NICHOLAS G. GARAUFIS, United States District Judge.

Pending before the court is Defendant Daniel Mongelli's motion for compassionate release. (*See* Mot. for Compassionate Release ("Mot.") (Dkt. 1096).) Mr. Mongelli argues that his health conditions, coupled with the ongoing COVID-19 pandemic, constitute "extraordinary and compelling" circumstances meriting his release prior to the end of his current sentence. For the reasons explained below, Mr. Mongelli's motion is DENIED without prejudice to renew should circumstances change. The Government is DIRECTED to file a letter by August 31, 2020 indicating the status of Mr. Mongelli's follow-up care for his recent cancer treatment.

## I.    BACKGROUND

On March 4, 2004, Mr. Mongelli pleaded guilty to racketeering conspiracy predicated on illegal gambling activity, conspiracy to commit murder, murder, and conspiracy to make extortionate extensions of credit, in connection with his role in the Bonanno Family enterprise and in violation of 18 U.S.C. §§ 1962(d) and 1963. (*See* Superseding Indictment (Dkt. 535) at 6-7, 10, 15, 18, 25.) The court sentenced Mr. Mongelli to 288 months' imprisonment and five years' supervised release. (*See* Mar. 4, 2005 Minute Entry; Judgment (Dkt. 867).) Mr. Mongelli began serving his sentence in January 2003 and has fewer than three years remaining on his sentence. (Mot. at 1.)

Mr. Mongelli is incarcerated at FCI Fort Dix within a low-security facility ("FCI Fort Dix Low"). (Mot. at 1; Gov't. Opp. to Mot. for Compassion Release ("Opp.") (Dkt. 1098) at 6.) FCI Fort Dix also includes an additional facility, Federal Prison Camp Fort Dix ("FPC Fort Dix"). (Opp. at 7-8.) As of May 4, 2020, no residents of FCI Fort Dix Low's general population had tested positive for COVID-19, but 40 residents of FPC Fort Dix had tested positive. (Opp. at 7-8.) Between May 6, 2020 and June 29, 2020, only one resident at either FCI Fort Dix facility tested positive, and that resident had not interacted with residents in the general population. (Gov't June 29, 2020 Letter ("June 29 Letter") (Dkt. 1106) at 1.) FCI Fort Dix does not test staff members for COVID-19. (June 29 Letter at 1.) Residents of FCI Fort Dix Low and FPC Fort Dix are housed separately and do not share facilities or otherwise interact with one another, though certain FCI Fort Dix staff may interact with residents of both facilities. (Gov't. June 25, 2020 Letter (Dkt. 1105) at 1.) As of August 13, 2020, the Bureau of Prisons ("BOP") website reports zero active cases of COVID-19 among FCI Fort Dix residents, one active case among FCI Fort Dix staff, zero deaths related to COVID-19, and 39 residents who have recovered after testing positive for COVID-19.[1]

Mr. Mongelli was diagnosed with prostate cancer in 2019 and underwent 28 sessions of radiation treatment during a seven-week hospital stay in February and March 2020. (Mot. at 1.) Both his cancer and his weakened immune system, a result of the radiation regimen, are co-morbidities that are known to increase the risk of severe illness if he contracts COVID-19.[2] The Government asserts that Mr. Mongelli's follow-up care has been delayed because the

---

[1] *See* BOP Coronavirus Index, https://www.bop.gov/coronavirus/index.jsp (last visited August 13, 2020).

[2] *See* Centers for Disease Control and Prevention, Groups at Higher Risk for Severe Illness, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/groups-at-higher-risk.html (last visited August 13, 2020).

hospital at which Mr. Mongelli's oncologist works furloughed its entire radiation/oncology department and because Mr. Mongelli's urologist's office temporarily suspended onsite appointments, in both cases in response to the COVID-19 pandemic. Nonetheless, the Government anticipates that Mr. Mongelli will be able to attend follow-up appointments with healthcare providers specializing in oncology and urology by August 31, 2020. (Gov't. July 13, 2020 Letter (Dkt. 1108) at 1-2.)

## II. LEGAL STANDARD

As amended by the First Step Act, 18 U.S.C. § 3582(c)(1)(A) authorizes courts to reduce a defendant's sentence upon the motion of either the Director of the BOP or the defendant. A defendant may bring such a motion only after having "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id*. A court may grant the motion and reduce the defendant's sentence only if it finds, "after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable," that "extraordinary and compelling reasons warrant such a reduction" and that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id*.

The Sentencing Commission's duties include "describ[ing] what should be considered extraordinary and compelling reasons for sentence reduction" in general policy statements. 28 U.S.C. § 994(t). The Sentencing Commission has determined that "extraordinary and compelling reasons" for reducing a defendant's sentence exist when, *inter alia*, "[t]he defendant is suffering from a terminal illness . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13(1)(A) & Application Note 1(A). The Application Note to U.S.S.G. § 1B1.13 lists "metastatic solid-tumor cancer" as an

3

example of a qualifying terminal illness. *Id*. The Sentencing Commission has also specified that the court should determine that "[t]he defendant is not a danger to the safety of any other person or to the community" prior to reducing a defendant's sentence. *Id*. § 1B1.13(2). The defendant bears the burden of establishing that he or she is entitled to a reduced sentence. *See United States v. Butler*, 970 F.2d 1017, 1026 (2d Cir. 1992).[3]

### III. DISCUSSION

The parties dispute whether Mr. Mongelli has exhausted his administrative remedies, as required by 18 U.S.C. § 3582(c)(1)(A). The Government contests Mr. Mongelli's assertion that he petitioned the Bureau of Prisons to seek his compassionate release in April 2020. (Tr. of June 19, 2020 Hr'g. ("Tr.") (undocketed) at 5:19-23, 16:8-12.) The Government agrees that Mr. Mongelli submitted an application on June 1, 2020, though it contends that his application on that date was returned to him and not transmitted to the warden because Mr. Mongelli failed to "state a basis for a claim that would justify the compassionate release." *Id*. at 16. However, the request that Mr. Mongelli submitted on June 1, 2020 clearly indicated that he sought compassionate release on the basis of his cancer, his immunocompromised state resulting from radiation therapy, and the heightened health risks posed by COVID-19 in light of those underlying health conditions. (*See* June 1, 2020 Mongelli Request (Dkt. 1103-1) at ECF 2-3.) Mr. Mongelli's counsel also represents, in a letter dated June 15, 2020, that after the application was returned to Mr. Mongelli, counsel resubmitted it to FCI Fort Dix over email. (Def. June 15, 2020 Letter (Dkt. 1102) at 1.) The Government has not disputed that assertion. Accordingly, the court deems Mr. Mongelli's request to have been received by the warden of FCI Fort Dix prior to June 15, 2020. Because more than

---

[3] When quoting cases, and unless otherwise noted, all citations and quotation marks are omitted and all alterations are adopted.

30 days have lapsed since the warden's receipt of Mr. Mongelli's request, the court may reduce Mr. Mongelli's sentence if it determines that a reduction is warranted. *See* § 3582(c)(1)(A).

As this court has previously noted, the COVID-19 pandemic poses a serious health risk to this country's prison populations. *See United States v. Donato*, Nos. 03-cr-929-9, 05-cr-60-10 (NGG), 2020 WL 3642854, at *2 (E.D.N.Y. July 6, 2020); *United States v. Porges*, No. 17-cr-431 (NGG), 2020 WL 350415, at *2 (E.D.N.Y. June 29, 2020); *see also Fed. Defs. of N.Y., Inc. v. Fed. Bur. of Prisons*, 954 F.3d 118, 135 (2d Cir. 2020) (describing COVID-19 as a "dramatic challenge" and "recent emergency, the "impact" of which "on jail and prison inmates . . . may be grave and enduring"). Even so, "the risks posed by the pandemic alone do not constitute extraordinary and compelling reasons for release, absent additional factors such as advanced age or serious underlying health conditions that place a defendant at greater risk of negative complications from the disease." *United States v. Nwankwo*, No. 12-cr-31 (VM), 2020 WL 2490044, at *1-2 (S.D.N.Y. May 14, 2020).

Although Mr. Mongelli's cancer was not metastatic when he completed his course of radiation treatment in March 2020,[4] he faces not only the direct health consequences of his cancer, but also the threat of severe health consequences, exacerbated by his cancer and his compromised immune system, in the event that he contracts COVID-19. Therefore, his health condition is sufficiently serious to constitute an "extraordinary and compelling" reason for the reduction of his sentence, if he meets the other criteria for establishing that he is entitled to a reduction.

However, Mr. Mongelli has not demonstrated that his likelihood of contracting the virus at FCI Fort Dix, which has taken measures to mitigate the risk of exposure and has reported no cases of COVID-19 among residents at its FCI Fort Dix Low facility, is so high as to "substantially diminish[]" his "ability . . . to provide self-care" by

---

[4] *See* Tr. at 15:21-24.

5

avoiding exposure to COVID-19. U.S.S.G. § 1B1.13 Application Note 1(A). Additionally, the court expects that the Government will make good on its obligation to provide Mr. Mongelli with follow-up care by August 31, 2020. Assuming that it does, Mr. Mongelli is unable to demonstrate that his access to the necessary care will be meaningfully limited or precluded due to the COVID-19 pandemic. Because Mr. Mongelli has not established that he meets all the requirements of 18 U.S.C. § 3582(c)(1)(A)(i), the court concludes that compassionate release is not warranted under the present circumstances.[5]

### IV. CONCLUSION

For the foregoing reasons, Mr. Mongelli's (Dkt. 1096) motion for compassionate release is DENIED without prejudice to renew should circumstances change.[6] The Government is DIRECTED to file a letter by August 31, 2020 indicating the status of Mr. Mongelli's follow-up care.

SO ORDERED.

Dated:   Brooklyn, New York
         August 14, 2020

                                           /s/ Nicholas G. Garaufis
                                           NICHOLAS G. GARAUFIS
                                           United States District Judge

---

[5] The court does not consider whether compassionate release would be consistent with the factors set forth in 18 U.S.C. § 3553(a) because it concludes that Mr. Mongelli has not satisfied the extraordinary and compelling reasons prong of the compassionate release analysis.

[6] In the event of changed circumstances, including adverse changes to Mr. Mongelli's health condition, his ability to access necessary care in a timely manner, or the prevalence of COVID-19 at FCI Fort Dix, Mr. Mongelli may renew his motion for compassionate release.