UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
UNITED STATES OF AMERICA

-against-

DANIEL MONGELLI,

Defendant.

**MEMORANDUM & ORDER**
**02-CR-307 (NGG)**

NICHOLAS G. GARAUFIS, United States District Judge.

On August 14, 2020, the court denied Defendant Daniel Mongelli's motion for compassionate release. (*See* Mot. for Compassionate Release ("Mot.") (Dkt. 1096); Mem. & Order Denying Mot. for Compassionate Release ("M&O") (Dkt. 1109).) The court indicated that it denied Mr. Mongelli's motion without prejudice to renew in the event of changed circumstances, "including adverse changes to Mr. Mongelli's health condition, his ability to access necessary care in a timely manner, or the prevalence of COVID-19 at FCI Fort Dix." (M&O at 6 n.6.) On October 22, 2020 and October 30, 2020, Mr. Mongelli's counsel filed letters notifying the court of a COVID-19 outbreak at FCI Fort Dix and, subsequently, that Mr. Mongelli had tested positive for COVID-19. (*See* Oct. 22, 2020 Letter from Gerard Marrone ("Oct. 22 Letter") (Dkt. 1112); Oct. 30, 2020 Letter from Gerard Marrone ("Oct. 30 Letter") (Dkt. 1113).) On November 2, 2020, the Government confirmed that Mr. Mongelli had tested positive for COVID-19. (Gov't's Opp. to Def.'s Renewed Request for Release ("Gov't Letter") (Dkt. 1114) at 1.)

In light of the changed circumstances in Mr. Mongelli's health condition and the prevalence of COVID-19 at FCI Fort Dix, and for additional reasons set forth below, the court construes defense counsel's letter of October 22, 2020 as a renewed motion for compassionate release and GRANTS the motion.

## I.   BACKGROUND

On March 4, 2004, Mr. Mongelli pleaded guilty to racketeering conspiracy predicated on illegal gambling activity, conspiracy to commit murder, murder, and conspiracy to make extortionate extensions of credit, in connection with his role in the Bonanno Family enterprise and in violation of 18 U.S.C. §§ 1962(d) and 1963. (*See* Superseding Indictment (Dkt. 535) at 6-7, 10, 15, 18, 25.) The court sentenced Mr. Mongelli to 288 months' imprisonment and five years' supervised release. (*See* Mar. 4, 2005 Minute Entry; Judgment (Dkt. 867).) Mr. Mongelli began serving his sentence in January 2003 and has fewer than three years remaining on his sentence. (Mot. at 1.) Mr. Mongelli is incarcerated at FCI Fort Dix within a low-security facility ("FCI Fort Dix Low"). (Mot. at 1; Gov't. Opp. to Mot. for Compassion Release ("Opp.") (Dkt. 1098) at 6.)

Mr. Mongelli was diagnosed with prostate cancer in 2019 and underwent 28 sessions of radiation treatment during a seven-week hospital stay in February and March 2020. (Mot. at 1.) Both his cancer and his weakened immune system, a result of the radiation regimen, are co-morbidities that are known to increase the risk of severe illness if he contracts COVID-19.[1]

On April 22, 2020, Mr. Mongelli filed a motion for compassionate release, arguing that his prostate cancer and the risk of contracting COVID-19 while serving the remainder of his sentence warranted compassionate release. (*See* Mot.) On August 14, 2020, the court denied the motion without prejudice to renew, based on a finding that Mr. Mongelli's stable health condition,

---

[1] *See* Centers for Disease Control and Prevention, Groups at Higher Risk for Severe Illness, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/groups-at-higher-risk.html (last visited August 13, 2020).

the promise of continued oncological treatment, and the low in-
cidence of COVID-19 at FCI Fort Dix did not warrant
compassionate release. (M&O at 6.)

On October 22, 2020, Mr. Mongelli's counsel alerted the court to
"an increase[] in the amount of [COVID-19] cases" at FCI Fort
Dix and reiterated the request for Mr. Mongelli's release. (Oct. 22
Letter at 1.)  According to data from the Bureau of Prisons, 166
inmates and 10 staff at FCI Fort Dix have tested positive for
COVID-19 as of November 3, 2020.[2] As recently as October 29,
2020, the number of inmate positive cases reported by the facility
was 59, suggesting that the virus has spread rapidly in the last
week.[3]

On October 30, 2020, Mr. Mongelli's counsel updated the court
that Mr. Mongelli had contracted the virus and, according to his
family, had a "very high fever" and was "receiving no medical
treatment." (Oct. 30 Letter at 1.) The Government confirmed
that Mr. Mongelli tested positive for COVID-19 on October 29,
2020, but suggested that Mr. Mongelli has "mild symptoms,"
"has not had a fever," and is receiving appropriate medical care.
(Gov't Letter at 1-2.)

## II.    LEGAL STANDARD

As amended by the First Step Act, 18 U.S.C. § 3582(c)(1)(A) au-
thorizes courts to reduce a defendant's sentence upon the motion
of either the Director of the BOP or the defendant. A defendant
may bring such a motion only after having "fully exhausted all
administrative rights to appeal a failure of the Bureau of Prisons

---

[2] *See* BOP Coronavirus Index, https://www.bop.gov/coronavirus/in-
dex.jsp (last visited November 3, 2020).

[3] *See* George Woolston, Burlington County Times, "Case of COVID-19
Nearly Triple at FCI Fort Dix," Oct. 31, 2020, https://www.burling-
toncountytimes.com/story/news/2020/10/31/cases-covid-19-fci-fort-dix-
nearly-triple/6103081002/ (last visited November 3, 2020).

to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id*. A court may grant the motion and reduce the defendant's sentence only if it finds, "after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable," that "extraordinary and compelling reasons warrant such a reduction" and that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id*.

The Sentencing Commission's duties include "describ[ing] what should be considered extraordinary and compelling reasons for sentence reduction" in general policy statements. 28 U.S.C. § 994(t). The Sentencing Commission has determined that "extraordinary and compelling reasons" for reducing a defendant's sentence exist when, *inter alia*, "[t]he defendant is suffering from a terminal illness . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13(1)(A) & Application Note 1(A). The Application Note to U.S.S.G. § 1B1.13 lists "metastatic solid-tumor cancer" as an example of a qualifying terminal illness. *Id*. The Sentencing Commission has also specified that the court should determine that "[t]he defendant is not a danger to the safety of any other person or to the community" prior to reducing a defendant's sentence. *Id*. § 1B1.13(2). The defendant bears the burden of establishing that he or she is entitled to a reduced sentence. *See United States v. Butler*, 970 F.2d 1017, 1026 (2d Cir. 1992).[4]

---

[4] When quoting cases, and unless otherwise noted, all citations and quotation marks are omitted and all alterations are adopted.

### III.    DISCUSSION

The court previously found that Mr. Mongelli had exhausted his administrative remedies, as required by 18 U.S.C. § 3582(c)(1)(A). (M&O at 4-5.) It also previously determined that because Mr. Mongelli "faces not only the direct health consequences of his cancer, but also the threat of severe health consequences, exacerbated by his cancer and his compromised immune system, in the event that he contracts COVID-19 . . . his health condition is sufficiently serious to constitute an 'extraordinary and compelling' reason for the reduction of his sentence, if he meets the other criteria for establishing that he is entitled to a reduction." (*Id.* at 5.)

In light of Mr. Mongelli's serious underlying health condition, his recent COVID-19 infection, and the failure of the Bureau of Prisons to prevent and control a COVID-19 outbreak at FCI Fort Dix, the court finds that the circumstances of his confinement "substantially diminish[]" his "ability . . . to provide self-care." U.S.S.G. § 1B1.13 Application Note 1(A). Even if the court credits the Government's representations that Mr. Mongelli currently has only mild symptoms associated with COVID-19 and has received adequate care and treatment, there is no guarantee that Mr. Mongelli's symptoms and medical needs will remain so minimal, especially given his underlying condition. The court is convinced that Mr. Mongelli faces severe health risks and that he will be better able to access whatever care and treatment he may require in the future if he is not incarcerated. The court therefore concludes that "extraordinary and compelling reasons" warrant a reduction of Mr. Mongelli's sentence. *See* 18 U.S.C. § 3582(c)(1)(A)(i).

The court also finds that the factors set forth in 18 U.S.C. § 3553(a) weigh in favor of Mr. Mongelli's release. The crimes to which Mr. Mongelli pleaded guilty are very serious, and Mr.

5

Mongelli has served nearly 18 years in prison for those crimes, with approximately three years remaining on his sentence. The time that Mr. Mongelli has already served is substantial, as befits the nature and circumstances of the offense. The extraordinary and compelling reasons for Mr. Mongelli's release undercut the possibility that a longer sentence would be necessary to reinforce principles of deterrence: the position in which Mr. Mongelli finds himself is both unique and unfortunate, and no right-minded observer would regard his release, at this juncture and under these circumstances, as a windfall. Finally, the court is satsified that Mr. Mongelli, after nearly 18 years of imprisonment and facing an extended term of supervised release, does not pose a danger to the public. The court therefore finds that the period of incarceration that Mr. Mongelli has already served, in combination with the forthcoming period of supervised release, is a sentence sufficient but not greater than necessary to comply with the purposes of sentencing under § 3553(a).

## IV.    CONCLUSION

For the foregoing reasons, Mr. Mongelli's (Dkt. 1112) renewed motion for compassionate release is GRANTED.  Mr. Mongelli's sentence is REDUCED to time served, and the court imposes a five-year term of supervised release, to begin immediately. In addition to all conditions of release set forth in Mr. Mongelli's original sentence, the court ORDERS that the first six (6) months of Mr. Mongelli's release be spent in home confinement, except as necessary for his receipt of medical care.

SO ORDERED.


Dated:    Brooklyn, New York
          November 3, 2020


                                 /s/ Nicholas G. Garaufis
                                NICHOLAS G. GARAUFIS
                                United States District Judge